# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6188 | **DATE** | AUG 1 7 2012 |
| **CASE TITLE** | Alvin F. Jones (#(#R-62383) v. Thomas Bucaro, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at the Western Illinois Correctional Center. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is terminated. Plaintiff's motion for appointment of counsel [#4] is denied as moot. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff has filed a complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983, alleging violations of his rights under the United States Constitution. More specifically, Plaintiff alleges that his sentence has been miscalculated and that he should already have been released from custody. Plaintiff is currently incarcerated at Western Illinois Correctional Center and alleges that his Fifth and Fourteenth Amendment rights are being violated..

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.07. The inmate trust fund officer at Western Illinois Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Western Illinois Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought by a prisoner at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law.

Plaintiff's claim for damages is barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court held that, "in order to recover damages for allegedly unconstitutional conviction
**(CONTINUED)**

AWL

or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Muhammad v. Close*, 540 U.S. 749, 751 (2004). Plaintiff may not contest the validity of his conviction or sentence by way of a civil rights action, and a finding that Defendants violated his rights by holding him beyond his release date would call into question the validity of his sentence.

A section 1983 suit for damages that would necessarily imply the invalidity . . . of an inmate's conviction, or necessarily imply the invalidity of the length of an inmate's sentence, is not cognizable under § 1983 until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence . . . . This "favorable termination" requirement is necessary to prevent inmates from doing directly through damages actions what they could not do directly by seeking injunctive relief - challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute. *Nelson v. Campbell*, 541 U.S. 637, 646-47 (2004) (*quoting Heck*, 512 U.S. at 487).

To the extent Plaintiff seeks to attack his conviction or sentence, he should consider filing a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The Court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497,500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.* Plaintiff's complaint indicates that he has not exhausted his administrative remedies with respect to his claims. Plaintiff should be aware that an inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). So, the extent Plaintiff chooses to seek federal habeas relief, he must be able to show that he properly sought relief in state court, timely seeking direct review and collateral relief from the judgment resulting in his sentence. The Court also notes that because Plaintiff is incarcerated at Western Illinois Correctional Center, which is located in Brown County in the Central District of Illinois, *see* U.S.C. § 93(b), he should pursue such relief in the United States District Court for the Central District of Illinois at Springfield.

For the foregoing reasons, this suit is summarily dismissed on initial review for failure to state a federal claim. Plaintiff's motion for appointment of counsel is denied as moot. Dismissal is without prejudice to seeking federal habeas relief pursuant to 28 U.S.C. § 2254. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."

*Suzanne B. Conlon*